IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | | CHAPTER 13 |
| SARA STEWART, | : | NO. 09-87799-JB |
| Debtor. | : | |

---

| | | |
|---|---|---|
| SARA STEWART, | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING NO. |
| | : | _____ |
| v. | | |
| | : | |
| JOHNSON & FREEDMAN, LLC And WELLS FARGO BANK N.A. | : | |
| Defendants. | : | |

**COMPLAINT TO DETERMINE VALIDITY OF DEFENDANTS' ALLEGED INTEREST IN PLAINTIFF'S HOME AND FOR OTHER RELIEF**

COME NOW, Debtor and shows the Court respectfully as follows:

COUNT ONE

1.

This adversary proceeding arises out of and relates to case # 09-87799.

2.

The Court has jurisdiction over the adversary proceeding. 28 U.S.C. § 157 (a).

3.

This is a core proceeding. 28 U.S.C. § 157 (b).

4.

This Court has jurisdiction over the Defendant WELLS FARGO BANK, N.A. who alleges it is the owner of the debtor's property.

5.

Debtor is the owner of property at 350 Linkmere Lane, Covington, GA 30014.

6.

Prior to October 6, 2009, Plaintiff was the owner of the property listed above.

7.

Plaintiff granted Washington Mutual Bank F.A. a first mortgage, deed to secure debt (hereinafter WaMu).

8.

WaMu is named as the lender on the note and the security deed dated January 5, 2005.

9.

The foreclosure sale was conducted by Wells Fargo National Bank N.A. (hereinafter Wells Fargo) as an assignee and sold to itself.

10.

The security deed dated January 5, 2005 provided in pertinent part "Borrower appoints Lender the agent and

attorney-in-fact for Borrower to exercise the power of sale."

11.

Thus, the instrument specifically provided that only the lender could exercise the power of sale.

12.

Wells Fargo was without legal authority to exercise the power of sale.

13.

The purported foreclosure by Wells Fargo was void.

14.

Plaintiff did not receive from Defendant or anyone else a foreclosure notice complying with the requirements of O.C.G.A. § 44-14-162.2 in that inter alia any notice received did not identify the entity seeking to foreclose and such notice was not provided by the secured creditor 30 days before foreclosure.

15.

On July 19, 2009, the prior lender had allegedly assigned the deed to Wells Fargo. However, there was no witness to such assignment as required by O.C.G.A. § 44-14-64 until September 25, 2009. The assignment was filed on October 2, 2009.

16.

The advertisement in this case was illegal in that it did not list a secured creditor with rights to foreclose and Wells Fargo never advertised the property.

17.

For all of the reasons listed herein, the foreclosure sale was void.

COUNT TWO

18.

Plaintiff is a natural person living in the Northern District of Georgia.

19.

Defendants are corporations engaged in the business of collecting debts and are subject to the jurisdiction of this Court. The principle purpose of these Defendants is the collection of debts using the mail and telephone, and Defendants regularly attempt to collect debts alleged to be due another. In addition, Wells Fargo Bank N.A. purchased the debt when it was in default and regularly attempts to collect debts alleged to be due another using the mail and telephone.

20.

Plaintiff is owner of property at 350 Linkmere Lane in Covington, GA 30014, which she uses as her primary

residence.  Plaintiff financed her home in 2005.  The loan was for personal, family, and household purposes.

21.

The actions of each Defendant are in violation of the FDCPA in that each Defendant failed to properly send notice of the foreclosure, failed to advertise properly and foreclosed when neither the attorneys representing them nor Wells Fargo had the right to do so, violating inter alia 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(14), 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

22.

Defendants are liable to Plaintiff in the amount of $1,000.00 statutory damages and actual damages of $25,000, plus attorney fees.

Wherefore Plaintiff prays

1)   For judgment on her complaint, including the setting aside of foreclosure;
2)   Damages;
3)   Attorney fees;
4)   For such other and further relief as is just and proper.

(Signature on Next Page)

5

Respectfully submitted,


/s/ Ralph Goldberg_____
Ralph Goldberg
Bar No. 299475
Attorney for Plaintiff


Goldberg & Cuvillier, P.C.
755 Commerce Drive, Ste. 600
Decatur, GA 30030
(404) 378-7700
(404) 378-7708 FAX